## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| NASEEM ASHRAF (ASSOCIATION OF FLIGHT ATTENDANTS) Movant | §<br>§<br>§<br>§<br>§<br>§ | |
| v. | §<br>§<br>§ | Civil Action No.: _____ |
| UNITED AIRLINES, INC. Respondent | §<br>§<br>§ | |

### ASHRAF'S VERIFIED MOTION TO VACATE ARBITRATION AWARD

Pursuant to the Federal Arbitration Act ("FAA"), Movant NASEEM ASHRAF ("Ashraf") files this Verified Motion to Vacate an Arbitration Award requesting the Court to enter an order vacating the arbitration award issued on June 6, 2019. *See* Exhibit 1 (Award); *see* 9 USC §10(a)(4), §11(b).

### IDENTITY OF THE PARTIES

1.      Movant NASEEM ASHRAF ("Ashraf") is an individual residing in Houston, Texas. Ashraf is represented by S. Scott Boyd and William C. Boyd of Patterson, Boyd & Lowery, PC, 2101 Louisiana St., Houston, TX 77002 (Ph. 713-222-0351; Fax: 713-759-0642; Email: ssboyd@pattersonboyd.com).

2.      Respondent UNITED AIRLINES, INC. ("United") is a Delaware Corporation doing business in Houston, Texas. United may be served with citation by serving its registered agent, CT CORPORATION SYSTEM, 1999 Bryan St., Suite 900, Dallas, TX 75201-3140. A copy of this Petition is also being mailed Certified Mail, Return Receipt Requested to counsel for United at the arbitration hearing, Eric E. Mennel, Director - Labor Arbitration, United,

1

Corporate Support Center, 25th FL 2524, 233 S. Wacker Drive, Chicago, IL 60606 (Ph. 872-825-7546; Email: eric.mennel@united.com).

## JURISDICTIONAL ALLEGATIONS

3.      Because this matter arises out of a Collective Bargaining Agreement ("CBA") authorized by the Federal Railway Labor Act, this Court has Jurisdiction. *See* Exhibit 3, p. 1-1 (CBA);[1] *see also* Bechtel OG&C Constr. Servs. v. Quezada, 2018 U.S. Dist. LEXIS 223589 (Houston Div. 2019)(confirming the court's jurisdiction); 9 U.S.C. §10(a)(4); §11(b).

4.      Ashraf has standing to seek review of the underlying arbitration award because the applicable Collective Bargaining Agreement allows employees to pursue arbitration without the Union's representation. *See* Exhibit 3, p.19-6 (par.8)(CBA); *see eg.* Mitchell v. Cont'l Airlines, Inc., 481 F.3d 225, 233 n.24 (5th Cir. 2007)(movant lacked standing to attack the arbitration decision because the CBA provided the Union with exclusive right to pursue claims). The underlying claim is Ashraf's individually and does not directly affect any other employees.

5.      Venue is proper in the Houston Division of the United  States  District Court for the Southern District of Texas pursuant to 28 U.C.S. §1391(b) because the parties are both located in Houston, Texas and the underlying events giving rise to this case occurred in Houston—namely Ashraf was a United employee located in Houston when he was terminated. It should be noted that the arbitration hearing took place in Chicago, Illinois, but Ashraf chooses to file this action where both parties are located and where the events at issue took place. *See* 9 U.S.C. §§9-11 (permissive venue); *see also* Cortez Byrd Chips, Inc.

---

[1] One of the issues in this case is the failure of United to admit a copy of the applicable CBA into evidence. Exhibit 3 attached hereto was never admitted, and Movant cannot attest that it is the applicable CBA in this case because it is dated 2012-2014, and the Arbitrator based his opinion on an unknown CBA dated 2012-2016. Exhibit 1, p.5 (Award).

2

v. Bill Harbert Constr. Co., 529 U.S. 193, 204, 120 S. Ct. 1331, 146 L. Ed. 2d 171 (2000)(the

Federal Arbitration Act provides a permissive venue provision in addition to other appropriate

venue options).

## EXHIBITS

1.   The Arbitrator's Award is attached as **Exhibit 1**.

2.   The arbitration hearing Transcript is attached as **Exhibit 2**.

3.   The presumptive Collective Bargaining Agreement ("CBA") is attached as **Exhibit 3**.

4.   Ashraf's post-hearing Brief is attached as **Exhibit 4**.

5.   Ashraf's arbitration hearing Exhibits are attached as **Exhibit 5**.

6.   Ashraf's cited Cases filed with his brief are attached as **Exhibit 6**.

7.   United's post-hearing Brief is attached as **Exhibit 7**.

## STATEMENT OF FACTS

6.      The Parties are members of a Collective Bargaining Agreement ("CBA") pursuant to

the Federal Railway Labor Act. Exhibit 3, p.1-1 (CBA). A copy of the CBA obtained by Ashraf's

counsel is attached as Exhibit 3 (CBA); but this version of the CBA was never admitted into

evidence and the record is devoid of any reference to the CBA relied on by the Arbitrator.

See Exhibits 1 (Award) and 2 (Transcript).

7.      Ashraf was an employee of United for 17 years as a Flight Attendant, first with

Continental Airlines and then with United after the merger. Exhibit 1, p.5 (Award). United

terminated Ashraf's employment on August 19, 2015 for violating policies and procedures.

*Id.* p.6-8.

8.      With Union representation, Ashraf filed a grievance complaining of United's decision

to discharge his employment. The Union represented Ashraf through the first two stages of the grievance procedure. *Id.* p.8.

9.      When the Union declined to file arbitration, Ashraf hired his own legal counsel to file the arbitration. S. Scott Boyd of Patterson, Boyd & Lowery, PC was Ashraf's counsel for the arbitration as well as this review. Exhibit 1, p.1 (Award),

10.     After a hearing before the System Board on February 26, 2019, the Parties filed Post-Hearing Briefs on April 20, 2019, and the Arbitrator issued his opinion on June 6, 2019. *See* Exhibit 1 (Award); Exhibit 4 (Ashraf's Brief); Exhibit 5 (Ashraf's Cases); Exhibit 6 (Ashraf's cited Cases); *see also* Exhibit 7 (United's Brief).

11.     This Motion to Vacate the Arbitrator's Award was filed and served within 3 months of the Arbitration Decision. 9 USC §12.

## ARGUMENT AND AUTHORITIES

LEGAL STANDARD

12.     This Court may vacate an arbitrator's award in very limited situations. Brook v. Peak Int'l., Ltd., 294 F.3d 668, 672 (5th Cir. 2002) (alteration in original)(citing Gulf Coast Indus. Workers Union v. Exxon Co., USA, 70 F.3d 847, 850 (5th Cir. 1995)). "[T]he review of the underlying award is exceedingly deferential," and "[a]n award may not be set aside for a mere mistake of fact or law." Rain CII Carbon, LLC v. ConocoPhillips Co., 674 F.3d 469, 472 (5th Cir. 2012) (quoting Apache Bohai Corp. LDC v. Texaco China BV, 480 F.3d 397, 401 (5th Cir. 2007)).

13.     Under Section 9 of the Federal Arbitration Act, a court "must" confirm an arbitration award "unless" it is vacated, modified, or corrected "as prescribed" in Sections 10 and 11. *See* 9 U.S.C. § 9. Section 10 provides four exclusive grounds for vacating of an arbitration award. *See id.* § 10(a)(1)-(4); Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 584, 128

S. Ct. 1396, 170 L. Ed. 2d 254 (2008). They are:

> (1)     where the award was procured by corruption, fraud, or undue means;
> (2)     where there was evident partiality or corruption in the arbitrators, or either of them;
> (3)     where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4)     where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a)(1)-(4).

Section 11 of the FAA states:

> …the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—
>
> (b)     Where the arbitrators have awarded upon a matter not submitted to them…. 9 USC §11(b).

14.     Under Section 10(a)(4), to determine if an arbitrator exceeded his power, the Court looks at "whether the arbitrator's award was so unfounded in reason and fact, so unconnected with the wording and purpose of the [contract] as to manifest an infidelity to the obligation of an arbitrator." Timegate Studios, Inc. v. Southpeak Interactive, L.L.C., 713 F.3d 797, 802 (5th Cir. 2013). "[A]n arbitrator has not exceeded his powers unless he has utterly contorted the evident purpose and intent of the parties—the 'essence' of the contract." *Id.*

GROUNDS FOR VACATING THE AWARD: Arbitrator Exceeded his Powers

      A.     *Arbitrator's Opinion was based on facts not admitted into evidence*

15.     The Arbitrator exceeded his power in this case by basing his opinion on a Collective Bargaining Agreement that was never presented into evidence. On page 5 of his Opinion, the Arbitrator states, "The parties' relationship is regulated by the **2012-2016 Collective Bargaining Agreement** ('the Contract'). (Jt. Ex. 1, 2)." Exhibit 1, p.5 (Award). The CBA

attached as Exhibit 3 requires United to file a copy of the CBA and all related documents with the System Board, and to give copies to the opposing party. Exhibit 3, p.20-4 (par. 5)(CBA).

16.    Although cited by the Arbitrator in his Opinion, United failed to admit the 2012-2016 CBA into evidence; United failed to give a copy of the CBA to Ashraf's counsel; and Ashraf's counsel was never informed of any "Joint Exhibits" as cited in the Arbitrator's Opinion. *See eg.* Exhibit 1, p.4-5 (Award). Because United failed to follow the required procedure of filing the CBA, there is no way to know on which CBA the Arbitrator based his Opinion. (United and Continental merged in 2010, each airlines having their own CBA. A Collective CBA was created in 2016 per www.unitedafa.org.)

17.    According to the hearing transcript, Ashraf admitted 6 Exhibits and United admitted 7, none of which are the 2012-2016 CBA referenced by the Arbitrator. *See* Exhibit 2, p.2 (Transcript)(As each exhibit was admitted during the hearing, counsel or the witness described the document). There is one mention of "Joint Exhibit 2" during the hearing, but that exhibit is presented at the hearing and marked Company Exhibit 7. Exhibit 3, p.141 (Transcript)(United's counsel shows a witness a document and initially calls it Joint Exhibit 2, but then changes his mind and has it marked Company Exhibit 7). At no time was Ashraf's counsel informed of any other exhibits not named in the transcript, especially joint exhibits; and the transcript makes no mention of joint exhibits.

18.    On its face, the Arbitrator' Award relies on facts not presented during the hearing or otherwise admitted into evidence, namely the parties' Agreement. This error alone is grounds to set aside the opinion. *See* 9 USC §11(b). This Court cannot determine the "essence of the contract" if the contract was never admitted into evidence. Ashraf's counsel admittedly argued provisions of a CBA in his closing brief, and Ashraf filed an excerpt of a CBA dated 2012-2014 as Ashraf's Exhibit 6, but the Arbitrator did not base his Award on Ashraf's Exhibit 6, which is not dated 2012-2016 as stated in the Award. Exhibit 1, p.5 (Award). Because Ashraf

was terminated in 2015, there is no evidence of the applicable CBA during this time frame. For this reason, Ashraf asks the Court to vacate the Arbitration Award.

B.    *Arbitrator deliberately contradicted controlling precedent*

19.    Second, the Arbitrator also exceed his powers by ignoring the Parties' agreement as to the applicable burden of proof, or quantum of proof. While the CBA does not directly address the burden of proof in cases where an employee is charged with theft, the Parties' prior Arbitration decisions establish a controlling precedent, or "law of the shop."

20.    When two Parties negotiate a Collective Bargaining Agreement, and that agreement is the subject of repeated arbitration review, the past arbitration decisions create a "law of the shop" or a precedent that then guides the parties in future conduct. As explained in a prior 2017 arbitration award involving United and another employee accused of theft, the arbitrator stated:

> Turning to the merits of this dispute, the System Board is mindful that it has been created by the collective bargaining agreement between AFA and United pursuant to the Railway Labor Act, 'for the purpose of adjusting and deciding grievances which may arise under the terms of this Agreement and any amendments or additions thereto...' Because it is a creation of the collective bargaining agreement, **the System Board cannot operate in a vacuum, but must be cognizant of prior System Board of Adjustment awards. Those prior binding awards frame the parties' view and interpretation of their agreement. Prior System Board awards have precedential effect** when compared to arbitration awards involving separate employers, unions and bargaining units whether or not those other relevant awards are in the airline industry. <u>United Airlines v. Association of Flight Attendants (Thakker); DCA 28-14 (2017)(Arbitrator Klein),</u> 22-23 (emphasis added).

21.    This idea of "law of the shop" has been expressed and followed in prior District Court reviews:

> The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law--**the practices of the industry and the shop--is equally a part of the collective bargaining agreement although not expressed in it**…. The parties expect that [the arbitrator's] judgment of a particular grievance will reflect not only what the contract says but, insofar as the collective bargaining agreement permits, such factors as the effect upon productivity of a particular result, its consequence to the morale of the shop, [the arbitrator's] judgment whether tensions will be heightened or

diminished. <u>Dalfort Aerospace, Inc. v. Airline Division of the International Brotherhood of Teamsters</u>, 2001 U.S. Dist. LEXIS 7606, 2001 WL 640790at *2 (N.D. Tex. Jun. 7, 2001)(citing <u>United Steelworkers of America v. Warrior & Gulf Navigation Co</u>.,363 U.S. 574, 582, 80 S. Ct. 1347 (1960))(emphasis added).

22.     Not only do the prior arbitration agreements review the facts for clear and convincing evidence, but "just cause," the issue the arbitrator reviewed in this case, requires "substantial evidence of guilt." See Exhibit 4, p. 5 (Ashraf's Brief)(citing <u>In re Enterprise Wire Co.,</u> 46 LA 359 (March 28, 1966)(Arbitrator Daugherty)).

23.     In this case, Ashraf's counsel presented the undisputed precedent that United's burden of proof in employee theft cases is "clear and convincing evidence." Exhibit 4, p.6 (Ashraf's Brief)(citing <u>United Airlines v. Association of Flight Attendants</u> (Thakker); DCA 28-14 (2017)(Arbitrator Klein)); Exhibit 6 (Ashraf's cited cases). As part of his post-hearing brief, Ashraf cited and filed three (3) prior arbitration awards disclosing the applicable burden of proof. *Id.* Counsel for United did not contest this burden of proof and did not provide the Arbitrator with any precedent supporting a lesser burden. *See* Exhibit 7, pp.6, 10 (United's Brief)(citing clear and convincing burden in theft cases). United based much of its case on the prior <u>Thakker</u> arbitration—also involving an employee discharged for theft. Exhibit 7, p.9-18 (United's Brief citing *Thakker* on multiple pages). In all of the filed cases, the burden of proof used by the arbitrators was "clear and convincing evidence." Exhibit 6 (Cases). Without exception, something more than a mere preponderance of the evidence  is the established burden of proof in theft cases.

23.     Despite this overwhelming guidance, the Arbitrator disagreed with the precedent and found United's burden of proof was a "preponderance of the evidence." In his Award, the Arbitrator stated,

> I note that Grievant [Ashraf] has argued that the burden of proof in this case is on the Company, and I agree. However, I disagree with Grievant's contention that the standard to be applied in this case is that of "clear and convincing" evidence. I have repeatedly held that in an industrial context, the burden of proof is that of "preponderance" of the evidence. Labor Arbitrations are not

criminal matters and as such, are not subject to those higher standards." Exhibit 1, p.17 (Award).

While the arbitrator says he has "repeatedly held" that the burden of proof is "preponderance" of the evidence, he is not referring to United-employee arbitration cases—this was his first arbitration of a United-employee grievance, and there is no record of any United cases following the lesser, preponderance of the evidence burden.

24.     While arbitrators have wide discretion to interpret the facts and apply the law, where they cross the line is in ignoring the parties' agreement. Courts will routinely uphold an award that is mistaken as to the applicable law. But the Arbitrator in this case exceeded his authority by appreciating and understanding the prior precedent, but explicitly disobeying it. Instead of following the parties' agreement and applying the precedent, he issued his own form of industrial law. And for this reason his decision should be vacated.

25.     To highlight the underlying policy at issue, the applicable burden of proof should not be a moving target. Nothing guides the actions of the parties more than knowing the amount of evidence needed to prove a claim or defense. If the burden of proof is "clear and convincing" one day, and a "preponderance" the next, the parties are unable to resolve future claims because they do not know what level of evidence is required. To uphold this award creates a bad policy for United and introduces unnecessary uncertainty into the parties' agreement.

C.     *Arbitrator failed to enforce the parties' agreement*

26.     Third, and finally, the Arbitrator exceeded his power by failing to enforce the Parties' agreement. Specifically, Section 18 of the presumptive CBA required United to provide Ashraf with copies of all documents on which it was basing its claim. Exhibit 6, p.61 (Ashraf Exhibits)(Section 18(A)(3)—Investigations). Specifically, the CBA states:

3.      Prior to any meeting which could result in disciplinary action or discharge, the Company [United] will provide to the union copies of all documents…that the company intends to use as a basis for questioning or disciplining a flight attendant. *Id.*

Based on the parties' Agreement, if United had documents proving ownership of the soda cans at issue, it was required to provide those to Ashraf. United failed to provide such documents, yet it testified that such documents existed and formed the basis of the inquiry.

27.     At the arbitration hearing, United employee Clark disclosed for the first time that when she received the email from United's Catering department, she called them to confirm that the specific soda cans belonged to United. Exhibit 3, p.133-35 (Transcript). Clark testified that Catering had a log sheet, an invoice, showing every soda can purchased by United identified by batch number—for health reasons. *Id*., and at 150-51 (""they have to track United's product for health reasons"). For the first time, Clark testified it was this document that confirmed the cans in Ashraf's possession were purchased by United. *Id.* But this document was never provided to Ashraf at any time.

28.     The Arbitrator ruled Clark's testimony was hearsay; but, he allowed United to prove theft based on Ashraf's efforts to explain how United's cans were in his luggage, despite Ashraf denying the cans belonged to United. Exhibit 1, pp.19-21 (Award). However, United already testified that it based its inquiry on the documented proof that the cans in Ashraf's luggage belonged to United. This failure to disclose documentation violated the CBA. If the Arbitrator followed the CBA, then the case would have been over before it began. Because United based its investigation on documents not provided to Ashraf, it violated the CBA. By ignoring this provision of the CBA, the Arbitrator exceeded his powers, and the award should be vacated.

## CONCLUSION & RELIEF REQUESTED

29.    Based on the foregoing and any additional briefing or amendments to be filed, Ashraf

respectfully requests this Court vacate the June 6, 2019 Award in its entirety; and award

Ashraf such other relief, including legal fees and court costs, to which he may be entitled.

RESPECTFULLY SUBMITTED,

PATTERSON, BOYD & LOWERY, P.C.


BY:  _/s/ S. Scott Boyd_____
          WILLIAM C. BOYD
          T/B/A 02779000
          S. SCOTT BOYD
          T/B/A 24026909
          2101 Louisiana St.
          Houston, Texas 77002
          Phone: 713-222-0351
          Fax: 713-759-0642
          Email: ssboyd@pattersonboyd.com
          Attorneys for Movant,
NASEEM ASHRAF

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas on August 20, 2019, and therefore the document has been served upon all counsel of record. In addition, this matter was mailed by Certified Mail Return Receipt Requested to Respondent's registered agent as named above, and the legal counsel for Respondent who participated in the underlying Arbitration, as indicated above in the Parties section.


United Airlines Inc.
CT CORPORATION SYSTEM, Registered Agent
1999 Bryan St., Suite 900
Dallas, TX 75201-3140


Eric E. Mennel, Director - Labor Arbitration, United
Corporate Support Center, 25th FL 2524
233 S. Wacker Drive
Chicago, IL 60606
Email: eric.mennel@united.com

/s/ S. Scott Boyd_____
S. Scott Boyd

11

## VERIFICATION

STATE OF TEXAS                          §
COUNTY OF HARRIS                        §


S. Scott Boyd, an attorney of the State of Texas, affirms under penalty of perjury that

the following is true:

      "I am associated with Patterson, Boyd & Lowery, PC and the attorneys for
Movant NASEEM ASHRAF ("Ashraf") in this action.

      "I represented Ashraf in the underlying arbitration matter that is the subject in this
action and have personal knowledge of all of the facts set forth in the foregoing Motion.

      "I have read the foregoing Motion and verify that its contents are true and correct
to the best of my knowledge, information and belief."

_____
S. SCOTT BOYD


SUBSCRIBED AND SWORN TO BEFORE ME by _S. Scott Boyd_____
(Affiant)  on ___August 20, 2019___ (Date).

MARGARET  BERNER
Notary Public, State of Texas
Comm. Expires 03-27-2022
Notary ID 12563440-1

_____
NOTARY PUBLIC
IN AND FOR THE STATE OF TEXAS

1